UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

                CHERYL MORRISON,

                        Debtor.

Case No.: 19-77664-reg

Chapter 7

-----------------------------------------------------------x

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made by and between Richard L. Stern, in his capacity as duly appointed, qualified and serving Chapter 7 trustee ("Trustee") of the estate of Cheryl Morrison, the debtor (the "Debtor") in connection with the real property commonly known as 138 Barbican Terrace, Kingston, Jamaica (the "Real Property") (Trustee and Debtor, from time-to-time, may be collectively referred to as the "Settling Parties" and/or "Parties"). The Settling Parties, by and through their respective undersigned representatives, agree to the facts and terms of the Settlement Agreement as follows:

## RECITALS

**WHEREAS**, Debtor's case was commenced by the filing of a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), on November 8, 2019 ("Petition Date"). Richard L. Stern was appointed interim Chapter 7 Trustee of the estate and thereafter duly qualified as the permanent Trustee; and

**WHEREAS**, as of the Petition Date, the Debtor owned the Real Property jointly with her sibling, and continues to jointly own the Real Property; and

**WHERAS**, the Debtor did not list the Real Property in the petition and schedules; and

**WHEREAS**, Debtor claimed state exemptions pursuant to the New York Civil Practice Law and Rules, and as a result, Debtor has not claimed, nor is Debtor entitled to claim, a homestead exemption pursuant to Real Property located outside of New York State; and

**WHEREAS**, pursuant to the information obtained at the meeting of creditors and the Trustee's due diligence in the value of real property located in that area, the Real Property has an estimated value of approximately $70,000.00; and

**WHEREAS**, the Trustee recognizes the nature of where the Real Property is located and the costs and time it would take to obtain an appraisal for a property, and mindful of the fact that the Estate is only entitled to a fifty (50%) percent interest in the Real Property; and

**WHEREAS**, prior to Trustee commencing an action to recover such Real Property or the value thereof, Debtor and Trustee engaged in settlement discussions, to allow for the Debtor's purchase of the Estate's interest in the Real Property; and

**WHEREAS**, the Parties wish to avoid the uncertainties and expense of litigation and to settle and compromise on the terms set forth below; and

**WHEREAS**, the Trustee has agreed to accept Ten Thousand Dollars ($10,000.00) to purchase the estate's right, title and interest in the real property for the Debtor's fifty (50%) percent interest in the Real Property paid to Trustee in six (6) consecutive monthly installment payments; and

**WHEREAS**, the Settling Parties have had the opportunity to consult with counsel of their respective choice in connection with the matters raised in this Settlement Agreement; and

**NOW, THEREFORE**, in consideration of the premises aforesaid and the mutual covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Settling Parties hereby agree as follows:

## AGREEMENT

1. **Recitals Incorporated**. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Settlement Agreement.

2. **Settlement**. As consideration for the release set forth in Sections 5 and 6 below, Debtor shall pay the Trustee the sum of Ten Thousand Dollars ($10,000.00) (the "Settlement Sum"). The Settlement Sum shall be paid to Trustee in six (6) consecutive monthly installment payments each made payable to "Richard L. Stern as Trustee" and remitted to Trustee's counsel, Rosen & Kantrow, PLLC, 38 New Street, Huntington, New York 11743. The first installment payment shall be remitted simultaneous to the execution to this Settlement Agreement in the amount of One Thousand Six Hundred Sixty-Seven dollars and zero cents ($1,667.00) (the "Initial installment payment"). Each of the remaining Five (5) Installment Payments in the amount of One Thousand Six Hundred Sixty-Six dollars and Sixty cents ($1,666.60), shall be delivered to the aforementioned address every thirty (30) days (the "Monthly Payments") thereafter such that each Monthly Payment shall be received by the Trustee not later than the seventh (7th) day of the month said payment becomes due. The payments shall be held by the Trustee in his segregated account until such time as the Court enters an Order authorizing the Trustee to disburse funds.

3. **Court Approval**. The terms of the settlement contained within this Settlement Agreement are subject to Court approval as may be required pursuant to the Bankruptcy Code and Rules. Trustees agree that as soon as reasonably practicable, upon receipt of the fully executed Settlement Agreement to make an application to approve the Settlement Agreement. Trustee further agrees to file such stipulations and motions to compromise as required by the Court and to obtain any such approvals.

4. **Non-Approval by Court**. If the Bankruptcy Court declines to approve the settlement contained within this Settlement Agreement, then, this Settlement Agreement shall be null and void. In the event of Non-Approval the Trustee shall be free to commence, continue or otherwise proceed as he determines to be appropriate.

5. **Modifications to the Settlement Agreement**. This Settlement Agreement shall not be modified, altered, amended or vacated without the prior written consent of the Settling Parties. Any such modification, alteration, amendment or variation in whole or in part shall be subject to approval of the Bankruptcy Court. Any motion or application brought before the Bankruptcy Court to resolve any dispute arising or related to this Settlement Agreement shall be brought on proper notice in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court.

6. **Counterparts**. This Settlement Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Settlement Agreement by signing any such counterpart and each of such counterparts shall for all purposes be deemed an original. This Settlement Agreement may be executed by facsimile and/or e-mail which shall have the same force and effect as an original signature.

7. **Default**. Defendant's failure to timely remit the Installment Payment as provided for in paragraph 2 herein shall be considered a default ("Default") under the Settlement Agreement. In the event of a Default, the Trustee shall provide written notice to Defendant via electronic mail. Defendant shall have five (5) business days to cure the Default (the "Cure Period"). In the event that the Default is not cured during the Cure Period, Defendant shall be in Default. Defendant shall only be permitted to cure the Default one (1) time. In the event of an uncured Default, the Trustee shall retain any and all Installment Payments received and further the Trustee shall retain the estates rights to the Real Property, and take appropriate action to sell the Real Property.

8. **Language Construed as Jointly Drafted by the Parties**. Trustee and the Settling Parties hereby agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against either of the Parties.

9. **Entire Agreement**. This Settlement Agreement is the entire agreement among the Parties and supersedes all other prior agreements, understandings, or discussions, both written and oral, among the Parties in respect of the subject matter hereof.

10. **Successors and Assigns**. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective executors, heirs, successors and assigns.

11. **Further Assurances**. From time to time, upon request, the Parties will, without further consideration, promptly execute, deliver, acknowledge and file all such further documents agreements, certificates and instruments and to do such further acts as the persons or entities entitled to the benefit of this Settlement Agreement may reasonably require to evidence or effectuate the transactions contemplated by this Settlement Agreement.

12. **Illegality**. If any provision of this Settlement Agreement is held to be illegal, void or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or

enforceability of, any other provision in this Settlement Agreement. Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided for in this Settlement Agreement is illegal, void or unenforceable, each of the Parties agree, promptly.

13. **Governing Law/Jurisdiction**. EXCEPT TO THE EXTENT (IF ANY) GOVERNED BY THE BANKRUPTCY CODE, THE SETTLEMENT AGREEMENT AND THE RIGHTS AND DUTIES OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED, ENFORCED AND PERFORMED IN ACCORDANCE WITH THE LAW OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO PRINCIPLES OF CONFLICTS OF LAWS THAT WOULD REQUIRE THE APPLICATION OF LAWS OF ANOTHER JURISDICTION. THE PARTIES ACKNOWLEDGE AND AGREE THAT THE BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK SHALL HAVE THE EXCLUSIVE JURISDICTION OVER THIS SETTLEMENT AGREEMENT AND THAT ANY CLAIMS ARISING OUT OF OR RELATED IN ANY MANNER TO THIS SETTLEMENT AGREEMENT SHALL BE PROPERLY BROUGHT ONLY BEFORE THE BANKRUPTCY COURT AND CONSENTS TO SUCH BANKRUPTCY COURT'S POWER TO HEAR AND DETERMINE ALL SUCH CLAIMS AS A CORE PROCEEDING.

14. **Acknowledgment of the Parties**. Each of the Parties acknowledges that: (i) he/she has relied on his/her own independent investigation, and has not relied on any information or representations furnished by any other Party or any representative or agent thereof in determining whether or not to enter into this Settlement Agreement (other than the representations set forth in this Settlement Agreement); (ii) he/she has conducted his/her own due diligence in connections therewith, as well as undertaken the opportunity to review information, ask questions and receive satisfactory answers concerning the terms and conditions of this Settlement Agreement; and (iii) it possesses the knowledge, experience and sophistication to allow it to fully evaluate and accept the merits and risks of entering into the transactions contemplated by this Settlement Agreement.

15. **Authorization**. The person executing this Settlement Agreement on behalf of each respective Party warrants and represents that she or he is authorized and empowered to execute and deliver this Agreement on behalf of such Party.

Dated: Huntington, New York
        February 21, 2020

        **Rosen & Kantrow, PLLC**
        *Counsel for Richard L. Stern, Trustee*

BY:   */s/ Nico G. Pizzo*
       Fred S. Kantrow, Esq.
       Nico G. Pizzo, Esq.
       38 New Street
       Huntington, NY 11743
       Telephone: (631) 423-8527
       Email: fkantrow@rkdlawfirm.com

Dated: Richmond Hill, New York
        February 20, 2020

        **Law Office of Bruce Feinstein, Esq.**
        *Counsel for Cheryl Morrison, Debtor*

BY:   */s/ Bruce Feinstein*
       Bruce Feinstein, Esq.
       8666 110th Street
       Richmond Hill, New York 11418
       Email: brucefeinsteinesq@gmail.com